## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG  DIVISION

**TIMOTHY PATRICK JOEL**                                                      **PLAINTIFF**

**CIVIL ACTION NO. 2:05cv47-KS-MTP**

**LARRY D. ISHEE**                                                                   **DEFENDANT**

### REPORT AND RECOMMENDATION

Plaintiff Joel, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this action

pursuant to 42 U.S.C. § 1983 against Defendant Ishee in his individual and official capacity as

Circuit Clerk of Jones County, Mississippi.  The matter comes before the court *sua sponte*

pursuant to its duty under 28 U.S.C §1915A(a)[1] to screen or review prisoner complaints and to

dismiss those which fail to state a claim for which relief may be granted.  The court having

reviewed the complaint finds that dismissal of this matter is appropriate for failure of the plaintiff

to state a cognizable claim under 42 U.S.C. §1983.[2]  The court finds more specifically as follows:

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 19, 2002, plaintiff Timothy Patrick Joel entered a plea of guilty to the charge

of statutory rape in the Second Judicial District of Jones County, Mississippi and was sentenced

to a term of twenty years, with ten years suspended, ten years to serve, and five years post release

supervision [Docket Entry 27-1, page 3].  On April 28, 2004, he attempted to file a legal

malpractice lawsuit against his criminal defense attorney in the Circuit Court of Jones County

---

[1]28 U.S.C. §1915A Screening.

(A) Screening

     The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

[2] Defendant Ishee has also moved the court to dismiss this action raising a number of issues.  As the court is recommending dismissal *sua sponte*, Defendant's motion is not addressed here.

[Docket Entry1-2, page 20].  On May 10, 2004, and on June 23, 2004, Defendant Ishee, acting in

his capacity as Circuit Clerk of Jones County, sent letters to the Plaintiff advising him that he

would not be allowed to proceed as a pauper in his civil lawsuit [Docket Entry 1-2, page1,3].

After further correspondence between the parties concerning Plaintiff's pauper status, an

order was signed by Circuit Judge Billy Jo Landrum on October 17, 2005, granting Plaintiff's

motion to proceed *in forma pauperis* [Docket Entry 26, page 38].  On October 21, 2005, the

Plaintiff's malpractice lawsuit against his attorney was filed in the Circuit Court of Jones County

[Docket Entry 26, page 15].  Because of the delay in the filing of the lawsuit, the Plaintiff filed

this civil rights action alleging denial of access to the courts and invoking 42 U.S.C. § 1983, 42

U.S.C. § 1985, and 42 U.S.C. § 1988.  Although the complaint is styled "Complaint Under 43

U.S.C. § 1983, 1985, 1988," Plaintiff also claims that Ishee's alleged failure to accept his

complaint violated various provisions of the Mississippi Constitution as well as certain state

statutes.

ANALYSIS

The Plaintiff alleges that the Defendant refused to allow him to proceed *in forma*

*pauperis* in the filing of malpractice or negligence action against his former criminal defense

attorney. Complaint ¶1.  Plaintiff alleges that this refusal resulted in a denial of his constitutional

right of  access to the courts.  "It is now established beyond doubt that prisoners have a

constitutional right of access to the courts."[3] *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491,

---

[3]Plaintiff also references denial of rights to due process and equal protection and denial of right to proceed informa pauperis in his complaint.  However, the claims are all based on the Circuit Clerk's alleged failure to allow Plaintiff to file his lawsuit initially as a pauper and, as such, the claims are clearly in the nature of denial of access to the courts.

52 L.Ed. 2d 72 (1977); *see also Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993).

However, that right has certain limits. "Other than habeas corpus or civil rights actions

regarding current confinement, a state has no affirmative constitutional obligational to assist

inmates in general civil matters." *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). *See*

*Schrier v. Halford*, 60 F.3d 1309, 1314 (8th Cir. 1995) (no right of access to the courts for legal

actions other than habeas corpus petitions, conditions of confinement complaints or to defend a

criminal matter);  *see also, Canell v. Multnomah County, et al.*,141 F.Supp. 2d 1046, 1056 (D.

Or. 2001) (plaintiff's pursuit of "civil cases" for which there is no constitutional right of access

to the courts fails as a matter of law).

> In other words, *Bounds* does not guarantee inmates the
> wherewithal to transform themselves into litigating engines
> capable of filing everything from shareholder derivative actions to
> slip-and-fall claims. The tools it requires to be provided are those
> that the inmates need in order to attack their sentences, directly or
> collaterally, and in order to challenge the conditions of their
> confinement. Impairment of any *other* litigating capacity is simply
> one of the incidental (and perfectly constitutional) consequences of
> conviction and incarceration. *Lewis v. Casey*, 518 U.S. 343, 356,
> 116 U.S. 2174, 135 L.Ed.2d 606 (1996).

Plaintiff's claim that Circuit Clerk Ishee allegedly denied him the right to proceed *in*

*forma pauperis* in the malpractice case in state court, is not a cognizable claim under 42 U.S.C. §

1983, the statute under which the Plaintiff invokes the jurisdiction of this court.  A malpractice

suit against the Plaintiff's former criminal defense attorney is a general civil matter.  That statute

allows redress for violations of rights protected by the Constitution and laws of the United

States.[4]  There exists no constitutional right of access to the courts for prisoners to file general civil lawsuits such as this one. *Canell*, 141 F.Supp.2d  at 1056. Therefore, the Plaintiff has failed to state a claim upon which relief could be granted under 42 U.S.C §1983.

RECOMMENDATION

Based on the foregoing, it is the opinion of the undersigned that Plaintiff has failed to state a claim that the Defendant violated his constitutional right of access to the courts. Accordingly, the United States Magistrate Judge recommends that the Plaintiff's cause of action be dismissed.  The court further recommends that any remaining claims arising under state law be dismissed without prejudice.[5]  Additionally, the court recommends that Defendant's Motion to Dismiss be denied as moot.

NOTICE OF RIGHT TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1),  any party who objects to this Recommendation must, within ten days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  The District

---

[4] 42 U.S.C §1983 allows relief for those persons subjected to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, . . ."

[5] *See* 28 U.S.C. § 1367 (The district court may decline to exercise supplemental jurisdiction when the district court has dismissed all claims over which it has original jurisdiction).

Court may accept, reject or modify in whole or in part, the recommendation of the Magistrate

Judge, or may receive further evidence or recommit the matter to this court with instructions.  A

party's failure to timely file written objections to proposed findings, conclusions, and

recommendations contained in this report shall bar that party from a *de novo* determination by

the District Court.  A party who fails to file written objections to the proposed findings,

conclusions and Recommendation within ten days after being served with a copy, shall be barred

except on the grounds of plain error, from attacking on appeal any proposed factual finding and

legal conclusion accepted by the District Court to which the party did not object.  *Douglass v.*

*United States Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 24th day of August, 2006.


s/ Michael T. Parker
United States Magistrate Judge